JOHN S. LETSON, executor of Thomas Letson, deceased, *vs.* JOHNSON LETSON and others.

A *bona fide* purchaser of land devised, without notice, cannot be affected by any equity subsisting between the executor of the estate and the devisee.

Thomas Letson, the complainant's testator, by his will, bearing date on the 30th of November, 1839, devised to his son, Johnson Letson, certain real estate in the city of New Brunswick, and also bequeathed to him a share of the residue of his personal estate, and of the proceeds of the sale of certain real estate, directed by the testator to be sold by his executors.

The will also contained the following provision: "Inasmuch as I have mortgaged the farm on which I live, for the sum of one thousand dollars, for the benefit of my son, Johnson Letson, my will is, that the said Johnson Letson pay the interest of said thousand dollars from my decease, and pay also the said principal sum of one thousand dollars, when the same shall be demanded, or sooner if he shall choose so to do." The will further charges the interest and

share of the said Johnson Letson in the estate, with the re-payment of the said sum of one thousand dollars.

By a codicil to the will, bearing date on the 27th of May, 1848, the testator directed as follows : "I have loaned and advanced to my son, Johnson Letson, one thousand dollars, and have joined in a bond and mortgage to secure seventeen hundred dollars to James Conover, of New Brunswick.  I expect and direct my said son, Johnson, to pay both said sums of money, in aid and release of my estate." The testator died on the 13th of May, 1851.

After the testator's death, the defendant, Johnson Letson, entered upon the lands devised to him, and on the 6th of December, 1856, conveyed the same, with covenants of warranty, to the minister, elders, and deacons of the Second Protestant Reformed Dutch Church, in the city of New Brunswick.

The complainant seeks to recover two sums of one thousand dollars, stated in the will and in the codicil, respectively, to have been advanced by the testator for the defendant, and to have the same declared a charge and encumbrance upon the land devised to the defendant, and by him conveyed to the church.

*Mr. Leupp*, for complainant.

*Mr. Schenck*, for defendant.

THE CHANCELLOR.  The only issue made by the pleadings, and the sole ground of controversy between the parties is, whether the sum of one thousand dollars, specified in the will as having been advanced by the testator to the defendant, was, or was not, repaid to the testator in his lifetime.  The defendant, by his answer, alleges that the money was repaid to the testator in the spring of 1845.  I think this allegation of the answer is sustained by the evidence. It is satisfactorily proved, that after the date of the will, and at or about the time specified in the answer, a debt of

one thousand dollars was paid by the defendant to his father. It is not shown that at the time, there was any other debt due from the defendant to his father, than the one specified in the will. It appears, moreover, that for several years prior to the date of the alleged payment, the interest on the debt was paid by the defendant, although, as stated in the will, it was secured by a mortgage given by the father alone. From the time of the alleged payment, the interest on the debt was paid, not by the defendant, but by his father, or by the complainant, either on his own behalf, or as the agent of his father. Whether the interest was in fact paid by the complainant on his own account, or as the agent of the testator, is immaterial for the purpose of this inquiry. It is conceded that it was not paid by the defendant. It is further in evidence, that subsequently to the date of the codicil, and shortly before his death, the testator, in a conversation with the defendant, spoke of his having paid one sum of one thousand dollars, and that there was still a debt of one thousand dollars due.

The money furnished by the testator to the defendant was not an ordinary loan, but was rather in the nature of an advancement. The defendant gave no voucher or security for its repayment. He was under no obligation to repay the principal, though at liberty to do so, and if not paid, it was to be deducted from his share of the testator's estate, and in the meantime the interest was to be paid by the defendant. Under these circumstances, the fact that no receipt was given on the repayment of the money to the testator, is entitled to far less weight than it would have been in the case of an ordinary indebtedness. The sum of one thousand dollars, specified in the will, having been paid to the testator in his lifetime, the complainant is entitled to recover only the sum of one thousand dollars mentioned in the codicil, or so much thereof as remains unsatisfied.

As against the church, the bill must be dismissed. The moneys directed in the codicil to be paid by the defendant, are not made a charge upon the real estate devised to him.

A *bona fide* purchaser of the land devised, without notice, cannot be affected by any equity subsisting between the executor of the estate and the devisee.

The decree will be made without costs to either party, as against the other.